EZRA W. CLARK, Respondent, *v.* CHAUNCEY M. CREGO, Appellant.

(Argued September 18, 1872; decided January term, 1873.)

THIS was an action of ejectment. Plaintiff's complaint alleged that he was, on the first day of April, 1864, in possession of the undivided half of certain premises, upon which defendant upon the following day wrongfully entered and ejected him therefrom, and refused to deliver up possession, etc. Upon the trial, before any evidence was offered, defendant moved to dismiss the complaint upon the ground that the complaint was deficient in not stating any title or interest or right of possession in plaintiff. The motion was denied. *Held*, no error; that although the complaint might be held defective upon demurrer, yet as possession, which was alleged, was *prima facie* evidence of sufficient title, and defendant had answered, and both parties had incurred the expense of preparation for trial, substantial justice was done by the denial of the motion; that such motions are not to be encouraged. Defendant's answer set forth a quit-claim deed of the premises in question from one Samuel Jones Scott to Orlando Hastings, which deed contained a recital, in substance, that prior thereto said Scott had deeded the premises in trust to receive the rents, issues and profits, and apply the same to the use of Rebecca Scott during her life, and then in trust to convey an undivided half to the grantee if living, and, if dead, to such persons as would be entitled to inherit the same if he had died seized, the other half to convey to John R. Scott. The answer then alleged that the deed thus recited was executed and delivered as stated. Defendant claimed title to the one-half by deed from the trustee to Rebecca Scott with the assent of Samuel J. Scott, and that the trustee leased the other half to him for six years, determinable by the death of Rebecca Scott; that he went into possession at that time and has remained in possession of the whole premises, and had received no notice to quit the undivided half leased, etc. Upon the trial plaintiff offered in evidence the record of the

deed set forth in defendant's answer, he claiming title to the undivided half which defendant claimed to have leased as aforesaid. Defendant objected upon the ground that it appeared thereby that the title had been conveyed by a former deed, which must be produced or its loss and contents proved. The objection was overruled. *Held*, no error; that defendant by his answer acknowledged allegiance to and possession under the title from Jones to Hastings, and could not question it. Plaintiff, to establish his title to the undivided one-half directed by the trust deed to be conveyed to John R. Scott, proved the death of Hastings (the trustee) prior to the death of Rebecca Scott, the appointment by order of the Supreme Court of Samuel L. Fuller as her trustee in place of Hastings, a conveyance to plaintiff by John R. Scott after the death of Rebecca of an undivided one-half of the premises, an order of the Supreme Court directing Fuller, as trustee, etc., to convey to plaintiff, and a deed from Fuller in accordance therewith. The order was objected to, for that by it Fuller was not appointed trustee of the power in trust to convey, confided to Hastings, which objection was overruled. *Held*, no error; that upon the death of Hastings the power was confided to the Supreme Court, to be executed by some person to be appointed by it (1 R. S., 730, § 68), and that the order was a sufficient appointment, and the conveyance in accordance therewith gave plaintiff the legal title.

*A. J. Abbott* for the appellant.

*George F. Danforth* for the respondent.

GRAY, C., reads for affirmance.
All concur.
Judgment affirmed.