GOUVERNEUR KORTRIGHT, Trustee of SARAH J. TAY- LOR, Plaintiff, v. ANNIE STORMINGER, Defendant.

*Power of sale given to executors, who are also clothed with a trust, passes to a trustee subsequently appointed by the court — to the exclusion of an administrator with the will annexed.*

A testator directed his executors to divide his property into a certain number of shares, some of which they were directed to hold in trust for the benefit of the testator's wife and children. The will gave to the executors full power and authority in regard to the investments of the said estate, and for this purpose authorized them to sell and convey any or all of the real and personal estate. The original executors renounced and refused to qualify and a trustee was subsequently appointed by the Supreme Court and duly qualified, who was declared by the court to be clothed with the powers of the original trustees named in the will.

*Held,* that the original executors under the will had clearly a power of sale in trust which they could exercise at any time that they saw fit, being bound, if the real estate should be converted into personal property, to invest the proceeds in other real estate or in personal securities, and that the present trustee appointed by the court possessed the powers that were given by the will to the original executors.

That, in such cases, the power passes to the new trustee appointed by the court rather than to the administrator with the will annexed.

Case submitted without action upon an agreed statement of facts.

*John M. Bowers,* for the plaintiff.

*Charles L. Halberstadt,* for the defendant.

MACOMBER, J. :

Upon the facts submitted, the sole question is whether or not the plaintiff tendered to the defendant a good title to the premises which were sold to her at public auction. This is to be determined by the provisions of the will of Nicholas G. Kortright, who died before the 1st day of April, 1874, in possession and owner in fee simple of these with other premises. By the third item of his will he directed that all of his property, both real and personal, after the payment of the debts, should be equally divided between his wife and children, and directed the executors to divide the same into as many equal shares as might be necessary to give to his wife and children each two shares thereof.

By the fifth clause of the will the executors were directed to convey to the wife and each of the children one of such equal shares, which should be held by the parties, respectively, absolutely at their own disposal, free from all control whatever. By the sixth clause the executors were directed to retain the residue of such equal shares in trust for the benefit of the wife and children, and pay to the wife and each of the children, during their natural lives, respectively, the interest or income of one of such equal shares, keeping separately the accounts of each share so retained by them.

The eleventh item of the will is as follows: "11. I give to my executors full power and authority, in regard to the investments of my said estate, and for this purpose they are authorized to sell and convey any or all of my real and personal estate, and after the payment of my debts, as hereinbefore provided, to invest the proceeds in other real estate or in personal securities, as they, in their discretion, may deem most for the interests of the parties interested in my estate."

We are not apprised of the objections which the defendant makes to the deed tendered her by the plaintiff, except as the same is contained in the submission papers, which are, first, that the property to be conveyed to her comes under the sixth clause of the will of Nicholas G. Kortright; and the conveyance offered by the plaintiff only conveys a life estate; and, second, that the executors of the will, never having qualified as such, the ninth clause in said will is now inoperative, and any trustee appointed to carry out the terms of said will cannot by deed give her a title other than a life estate.

The objection seems to be, in substance, that inasmuch as by the ninth clause of the will, the portion so set apart for the uses of the wife during her lifetime, went after her death to her children, that the trustee, under the will, could not sell the same or make any other disposition of the property than to hold it as trustee for the use of the beneficiary. But this is not a tenable position. There are no restrictions made to the power of the executors to sell under the eleventh clause of the will. The trust imposed by the preceding sections would follow the proceeds of the sale of the real estate or of any of the personal property which they saw fit to dispose of in pursuance of this authority. The trustee, under the will, had clearly a power in trust which he could exercise at any time that he saw fit, being bound, if the real estate should be converted into personal property, to invest the proceeds either in other real estate or in personal securities. The language of the ninth section is that " after the death of my said wife, that portion of her share remaining in the hands of my executors shall be divided," etc. This seems to have been written in view of the intended provisions for the sale of the property mentioned in the subsequent parts of the will.

The only remaining question is whether or not the plaintiff possesses the powers that were given to the original executors. The original executors were Edward Minturn and George W. Blunt, who are described also as trustees of the real estate. They renounced and refused to qualify, either as trustees or executors. On June 8, 1874, the surrogate of the county of New York appointed Sarah J. Kortright, the wife of the testator (who has since married and bears the name now of Sarah J. Taylor) and Benjamin Collins, as administrators, with the will annexed, of the last will and testament of Nicholas G. Kortright. Benjamin Collins, prior to the auction sale, died, leaving Sarah J. Taylor the sole surviving administratrix, with the will annexed of the testator. She, in the month of February, 1876, instituted a partition suit in the Supreme Court in this State, seeking a division of the real estate whereof Nicholas G. Kortright died seized, and seeking also the appointment of trustees in the place of Minturn and Blunt, who were the trustees in the will, and praying that the trust shares might be set off to said trustees in accordance with the provisions of the will. That action resulted in a judgment on the second day

of April, 1876, by which it was determined that Sarah J. Kortright was adjudged to be entitled in fee to one-sixth part of the premises sought to be partitioned, Gouverneur Kortright to another sixth in fee, Lawrence M. Kortright to another sixth in fee. It was further adjudged that the trustees under the will were entitled to have and to hold, as such trustees, another sixth part thereof for the life of said Sarah J. Kortright, another one-sixth part thereof for the life of said Gouverneur Kortright, and another one-sixth part thereof for the life of the said Lawrence M. Kortright.

It was further adjudged that the trust shares were directed to be held by the trustees under the trust created and declared by the will of Nicholas G. Kortright. The share to be held for Mrs. Kortright, now Taylor, was set off to the trustees by the commissioners. Benjamin Collins was appointed a trustee by the Supreme Court on the 15th day of March, 1887, and duly qualified and was declared by the court to be clothed with the powers of the original trustees named in the will, and Mr. Collins was afterwards permitted to resign his trust, and Gouverneur Kortright, the plaintiff in this action, was appointed in his stead, with like powers and authority; and he received from Benjamin Collins a conveyance of all the right, title and interest that the trustee, as such, had in the one-sixth part of the lands mentioned in the will of the testator, and he now holds the title thereto subject to the powers and trusts declared by said will.

It appears, therefore, that the present trustee possesses all of the power to sell any of the real estate of the testator which was possessed by the original trustees, unless, from the language of the will, a personal confidence was placed in the persons there named as trustees, which was not intended by the testator to follow any successor that might be appointed so as to enable him to sell the property. But no such conclusion can be drawn from the terms of the will. The language of section 11 is general in its nature, and the exercise of the right of sale is not restricted to the event only that the particular persons named thereafter as trustees should deem it best for the estate that the property be sold.

The power of sale was an imperative and general power, which, though like all powers in trust, it was discretionary, could, on the death, removal or resignation of the trustees, be executed by a trustee appointed by the court to carry out the trusts created by the will.

(1 R. S., 728, § 55; id., 732, § 77 *et seq.*; id., 730, § 68 *et seq.*)
That the power in such cases passes to the new trustees appointed
by the court rather than to the administrator with the will annexed
appears in the cases of *Cooke* v. *Platt* (98 N. Y., 39); *Mott* v. *Acker-
man* (92 id., 540).

The judgment should be in favor of the plaintiff for a specific
performance of the contract in accordance with the terms of the
submission.

BARTLETT, J., concurred.

VAN BRUNT, P. J.:

I concur in the conclusion arrived at by Mr. Justice MACOMBER
but I do not see that any question can be raised as to the power of
the trustee to convey under the broad admissions contained in the
agreed case. It is agreed in the case submitted that in a certain
action brought in the Supreme Court a final judgment was duly
entered whereby it was adjudged that one Benjamin Collins, as
trustee, was vested with full power and authority to execute the
powers and trusts created by the will in question, and that the said
Supreme Court by its order, duly made and entered on due and
sufficient petition, did duly order and adjudge that said Benjamin
Collins be permitted and he was thereby permitted to surrender his
trust, and that by another order, duly made and entered, the said
court appointed the plaintiff trustee in the place of said Collins, to
hold the share of said estate in question with all the powers and
authority given to the trustees by the provisions of the original
will. It is also admitted that all these judgments and orders of
the Supreme Court were made on due and full notice to all the
parties interested, and that in each case the court had full and
complete jurisdiction in the premises.

These facts being admitted, there is no question as to the powers
of the trustee open for discussion now. It is admitted by this
record that a court, having jurisdiction of the subject-matter and
all the parties, has adjudged that the substituted trustee has the
power which is sought to be questioned in this case. That adjudi-
cation, under these circumstances, disposes of the question, and the
decrees and orders mentioned cannot be reviewed or reversed in

this proceeding. The plaintiff is entitled to judgment, therefore, and it is not necessary to discuss at all the question proposed to be submitted.

Judgment ordered for plaintiff.