Hooper C. Van Vorst, Referee.
This is an action by the vendor to compel the specific performance by the *226 defendant of a contract for the sale and purchase of land. The objections to the plaintiff’s title interposed by the defendant necessitates an examination of the recording acts. The statute declares that an unrecorded deed shall be void as against any subsequent purchaser, “ in good faith and for a valuable consideration ” of the sanie real estate. 1 R. S. 756, § 1. To entitle a conveyance of land to be recorded the statute prescribes and limits the proof needed to establish its execution. The execution of the conveyance may be acknowledged by the person executing the same before an appropriate officer or it shall be proved by a subscribing witness thereto. When proved by a subscribing witness which is the case under consideration, the witness “ shall state his own place of residence, and that he knew the person described in and who executed such conveyance.” lb., § 12. It is further provided that the officer taking the acknowledgment shall indorse on the conveyance a certificate signed by. himself, setting forth among other things the names of the witnesses examined before him and their place of .residence. 1 R. S. 759, § 15.
In the case under consideration the deed itself, the execution of which is claimed to have been proven by Gideon J. Tucker a subscribing witness thereto, is lost, and a certified copy of the same taken from the record thereof in the register’s office has been received in evidence. The sufficiency of this record as evidence is objected to by the defendant’s counsel upon the ground that the residence of 'the subscribing witness is not stated in the copy certificate written on the certified deed.
There is a want of harmony in the decisions in respect to the effect of a record of a conveyance, the official proof of the execution of which, to entitle it to be' recorded, is not in substantial compliance with the provisions of law directing the record of deeds. In Pomeroy s Equity Jurisprudence, vol. 2, § 600, it is said u that the regular defective or improper recording of an *227 instrument although clearly not a constructive notice under the statute, may be sufficient to put a purchaser upon inquiry and so constitute an actual notice.” Upon an examination of the cases that learned author says “that there is upon that point a conflict of judicial opinion.” But in this state it is held that a deed or bther instrument unduly registered, either from want of a valid acknowledgment or otherwise is not notice to subsequent purchasers or mortgagees. Peck v. Mallams, 10 N. Y. 509 ; 4 Kent's Com. 174. But that the official certificate does not follow the precise words of the statute, does not show a failure of a substantial compliance with its provisions, or that the real object and purpose of the statute has not been reached in what was actually done. Clerical errors, changes in phraseology, or omission of words, clearly not of the substance of the statute may be disregarded. West Point Iron Company v. Reymert, 45 N. Y. 703.
In Jackson v. Gumaer, 2 Cow. 552, 556, the officer taking the acknowledgment of the execution of the instrument certified that “ before me came DeWitt C. Rose,” to me known and acknowledged,” etc. The words “ to be the person described in, and who executed the deed ” required by the statute to be stated in the certificate were omitted. It was urged that this omission was fatal. The court per Savage, C. J., held the objection to be “technical,” and it was disregarded. Jackson v. Osborn, 2 Wend. 555.
The value and importance of the particular words omitted from the certificate in the case under consideration, under the recording acts has not been the subject of judicial decision. It is a new objection. But without violating the principle which has been heretofore applied in determining what was a substantial and proper compliance with the terms of the statute, and what omissions in the form of a certificate might be regarded as unsubstantial, it may be properly held that the above decisions cover the case in question. Such certificates *228 should be liberally construed and clearly with reference to the object and purpose to be reached. Smith v. Boyd, 101 N. Y. 477; Cuykendall v. Douglas, 19 Hun, 585; Hunt v. Johnson, 19 N. Y. 279.
The purpose of the statute is clear, and everything that effectuates that purpose is material and cannot be disregarded. The statute provides that to entitle it “ to be recorded” the deed shall be acknowledged by the party executing the same or shall be proved by a subscribing witness thereto. 1 R. S. 756, § 4.
When taking the acknowledgment of the execution of a deed by the grantor himself, the officer must know, or by evidence be satisfied, that the person making such acknowledgment, is the individual described in and who executed the same; and with the same principal object in view, when the proof is made by a subscribing witness, the officer is not to take the proof unless he is personally acquainted with the witness, or has satisfactory evidence that, he is the same person who was a subscribing witness to the instrument. Ib. 12, supra.
The chief and- substantial thing is, however, that the officer shall in all cases be satisfied that the execution of the deed is the act of the person described in and who executed it. In orders-to be satisfied of the identity of a subscribing witness it is not absolutely necessary that the officer should know his residence. In the case under consideration the witness, who for several terms had been surrogate of the city and county of New York, was a well-known resident of that city. The real end the statute sought to reach for all purposes seems to have been gained by the certificate, a copy of which is indorsed on the certified copy deed.
Hellreigel v. Manning, 97 N. Y. 56, which was an action for specific performance, holds that defects in the record or paper title may be cured by parol evidence. But the record of the title to this property remaining in the register’s office, to which no possible objection can *229 be made, and of which every person dealing with it is bound to take notice, deprives the objection taken in this case of any force. It supplies every fact alleged to be wanting in the certificate. The subscribing witness, Gideon J. Tucker, had himself formerly owned this property, and in 1870 he conveyed the same to Lawrence. Tucker’s deed to Lawrence is on record. In it Tucker is described as of the city and county of New York, and his acknowledgment of the execution of that deed was made before the same notary public before whom he afterwards appeared to testify to the execution of the deed from Lawrence to Irving. In view of these facts, the objection taken in this case must be regarded as “ technical.”
For all the purposes which the recording act is intended to serve, the whole record conceruing a parcel of land anterior to a conveyance, the sufficiency of the record of which as a notice to subsequent purchase is challenged for defects of the nature of those involved in this action, and which are in truth unsubstantial, should be considered in determining whether the entire record does not supply every defect however formal, and afford ample notice of the state of the title and of every fact under the law necessary to be known by one who in good faith seeks to become a purchaser of the same real estate.
But if the view above expressed should not appear to be well founded, still sufficient appears in the evidence to show that the plaintiff has a good and valid title to the premises in question, and that no sufficient reason exists in law or equity for refusing a decree in her favor for a specific performance of the contract. The title of Lawrence is not questioned. His deed to Eliza Irving through whom plaintiff claims, is lost, but with the disappearance of her deed the title of the grantee in the premises was not destroyed. Granted that the deed from Lawrence to Irving has never been recorded, or that the record was ineffectual for any purpose, the *230 plaintiff’s case is yet made out with a reasonable certainty. A conveyance of land although unrecorded is good and effectual between the parties thereto and their heirs, and as to all others who had knowledge or notice of the conveyance.
The existence and quality of a lost conveyance although unrecorded, may be proved by parol. Lawrence conveyed to Eliza Irving in 1871. That is clearly shown by the testimony of Gideon J. Tucker, the subscribing witness to the deed, who was examined as a witness before me, and the copy deed taken from the records was satisfactorily proven to be a copy of the conveyance to her. Lawrence who lived several years after he parted with the title upon his conveyance yielded the premises to his grantee, Mrs. Irving, who has continued in actual and undisturbed possession ever since. Such open possession with claim of title of itself constitutes notice to all persons. Brown v. Volkening, 64 N. Y. 82 : Pope v. Allen, 90 Ib. 298.
, Mrs. Irving’s right and title has never been disputed. No claim has been interposed by any person adverse to her right. The record shows no conveyance in opposition or hostile to her title. Is it reasonable to suppose under all the facts of this case that there is in existence .any purchaser in good faith from Lawrence other than Eliza Irving with an unrecorded deed ? Many things may be supposed and many conjectures entertained, but to be effective as casting a cloud upon title to land they must be reasonable. There must be a real question and a real doubt. Flemming v. Burnham, 100 N. Y. 10.
To this might be added “ real persons ” and not imaginary ones, who were at least entitled to make a fair, claim adverse to the plaintiff. The doubt must be shown to be reasonably based on facts proved to exist, something more than a mere possibility. The rule laid down in Schermerhorn v. Niblo, 2 Bos. 161 is applicable here : “ The law does not regard a bare possibility that the title may be affected by existing causes which may *231 subsequently be developed, when the highest evidence of which the nature of the case admits, and evidence amounting to moral certainty is given, that no such cause exists, will not be regarded as a sufficient ground for declining to compel a purchaser to perform his contract.”
A right in favor of no person has been asserted. None is shown to exist or even tó be claimed. And under the facts it is the wildest conjecture that any could be based upon any substantial foundation. It is scarcely possible even, that the testimony of the subscribing witness Tucker, as to the execution by Lawrence of the deed to Irving, could ever be contradicted or shown to be false. Every presumption legal and moral is in favor of its truthfulness. And that evidence settles the question of the plaintiff’s title in her favor beyond any reasonable doubt.
I think that there is no weight in the second objection interposed by the defendant.
It is clear that under the reformed trust deed the plaintiff had full' power and authority to make a valid conveyance of the fee of the premises in question.
I think it is equally clear that the proceedings in the action brought in the superior court to reform the original deed of trust were not vitiated by reason of the alleged defect of parties to the record.
It is claimed by the defendant that immediately upon the execution and delivery of the original deed of trust an expectant estate was created in the heirs of Irving Emmons, contingent indeed, but one which no act of the grantor, the trustee, or Irving - Emmons could have defeated, and that in consequence the heirs of Irving Emmons gained rights which could not be altered or extinguished by any action to which they were not parties.
Even if it be admitted that the rule laid down in Nodine v. Greenfield, 7 Paige, 544, Williamson v. Field, 2 Sand. Ch. 533, that in the case of remote limitations *232 of the fee it is sufficient to bring before the court the persons in esse who have the first estate of inheritance, together with the persons having all the precedent estates and prior interests—would not apply to actions to reform a deed of trust conferring upon persons in esse contingent rights through remote limitations of the fee, I yet conclude that the objection is not well taken for the reason that the heirs of Irving Emmons, if they take at all, would not take as purchasers, but by descent.
The estate of the trustee is one limited in duration by its requirements, and when the purposes of the trust are fulfilled and the duties of the trustee are ended, the estate in the trustee ceases. And while so much of the trust declared in the original deed of the trust as empowered the trustee to collect the rents and profits of the premises in question, and to pay them over to Eliza Jonas during her natural life was a valid trust under the statutes of this state, (1 R. S. 728, § 55, sub. 3,) yet it required for its accomplishment an estate in the trustee for the life of the beneficiary only. The remainder of the trust was clearly not valid as an express trust. Cooke v. Platt, 98 N. Y. 35.
The trust to convey real property not being within the classes of allowable express trusts established by the revised statutes.
It will not be necessary for me to determine here however, whether the direction to the trustee to convey the fee of the premises in question upon the death of Mrs. Jonas conferred upon the trustees a valid power in trust, the fee of the premises remaining in the grantor and his heirs subject to be divested by the execution of the power. Clark v. Crego, 47 Barb. 614; S. C. 51 N. Y. 646; Hotchkiss v. Elting, 36 Barb. 38. Or whether on the contrary the trust was executed by the statute and a legal estate in remainder passed at once to the beneficiaries. 1 R. S. 727, §| 45, 47, 49. Under either construction, the heirs of Irving Emmons *233 would take not as purchasers, but by descent. If, by force of the statute, the limitations in the original deed of trust created the local estate by way of remainder in Irving Emmons, such a remainder would be clearly within the statutory and common law definition of a vested remainder. While if, on the contrary, the provisions of the trust deed created a valid power in trust, although prior to the execution of this power, the appointee would take no estate in the land, either legal or equitable, yet upon its execution the appointee would derive his title not from the person exercising the power or from the deed in the execution of the power, but from the trust deed itself. And the appointee would then take as though the estate had been directly limited in the original deed, and not mediately through the power. The character of the limitations, and not the fact that he derived an estate through the power, would determine the character in which the appointee took his title, whether as purchaser or as heir. And the legal effect of the limitations being, as we have seen, to create in Irving Emmons a vested remainder which his heirs would take, not by purchase, but by descent, the interest of Irving Emmons under the power became a vested, and not a contingent interest, which upon his death, in the lifetime of Eliza Jonas, would descend to his heirs or pass to his grantees. And this consequence would not be affected by the power of appointment conferred upon Eliza Jonas by the deed of trust. For it is well settled that where a remainder is limited, subject to the exercise of a power of appointment by which it may be defeated, such a remainder will be held to be vested, though a defeasible remainder.
The further objection to the title is taken by the defendant, that Gideon J. Tucker did not join with his wife, in the release of her dower right in the premises.
This objection was not taken until the close of the trial of the action, and after Gideon J. Tucker, the husband, had been examined as a witness. Had it been *234 suggested as important, it is probable that his assent and signature to the release could have been obtained upon the spot.
But I do not regard the objection as sufficient to defeat the plaintiff’s right.
The wife of Tucker, by a separate instrument, dated the 5th day of July, 1875, for a valuable consideration, released and conveyed to Lawrence, the grantee of her husband, all her right, title, interest, dower and right of dower, in and to the premises in question. The instrument executed by her recited the fact of the conveyance of the land, by her husband to Lawrence, and was evidently designed to complete and confirm it in so far as she was concerned, and for the consideration expressed therein, to release and extinguish her claim of dower.
I fail to see why such act of the wife, although subsequently performed, may not be regarded as an adoption of and as joining in her husband’s conveyance.
A release to a stranger would have been void. But Lawrence was her husband’s grantee, and was the owner of the fee.
Elmendorf v. Lockwood, 57 N. Y. 322; Witthans v. Schack, 105 Ib. 332, are recent cases bearing upon this subject, but they do not, under their facts, present the precise case raised by the evidence before me.
In Marvin v. Smith, 46 N. Y. 571, Allen, J., says: “An inchoate right of dower may be released to the grantee of the husband, by a proper conveyance executed and acknowledged in the form prescribed by statute, but the right cannot be transferred to a stranger, or to one to whom the wife does not stand in privity.”
In some of the states it has been held that the release of "a wife’s inchoate right of dower can only be made through her execution of her husband’s deed, in which she should join. “ Leading Gases in the American Law of Property,” by Sharswood, vol. 1, 370-347.
But Savage v. Grill, 19 Hun, 4, refers to the'case of the Albany Insurance Co. v. Bay, 4 N. Y. 9, as holding *235 “ that in this state a married woman may convey her lands, or any interest she may have in land, by deed duly acknowledged, although her husband do not join .therein,” and decides that such rule would seem to be the same in respect to a release of dower.”
Savage v. Grill holds that a release by a wife of her inchoate right of dower, “to the holder of the title,” even if executed by her alone, would be valid. S. C., 80 N. Y. 630.
Malloney v. Horan, 49 N. Y. 112-117, by a clear implication, holds the same doctrine.
Folger, J., referring to Carson v. Murray, 3 Paige, 483, which holds, that a wife cannot execute any valid release of her dower in the real estate of her husband, in any other way, than by joining with him in a conveyance to a third person, says: “ The release must at all events accompany, or be incident to the conveyance of another.”
The release and conveyance executed by the wife of Gideon J. Tucker, although made after he had conveyed away the title, may in truth be regarded, as it was clearly intended by the parties, as “incident” to her husband’s deed, and as made in “conjunction” therewith.
In a subsequent case, the Merchant’s Bank v. Thomson, et al., 55 N. Y 7, Folger, J., gives a clearer expression to the same idea, and after stating that a quit claim or release by a married woman to a stranger to the title is ineffectual to divest her of an inchoate right of dower, adds : “ But a release from the wife, executed directly to the purchaser, in connection with the sheriff’s deed, will free the premises and give a good title.” That statement appears to cover this case. Robbins v. Kensie, 45 Ill. 354.
The full and uncontrollable right of a former covert to her property is supposed to be secured by the statutes giving to her the right to enjoy and dispose of it.
The inchoate right of dower of a wife is property. *236 Its value is appreciable, and can be ascertained. Her husband cannot deprive her of it.
The value of her separate interest in the land in question, which had been conveyed away by her husband, it was proper that she should realize, if she desired to do so, before his death. Upon the execution of her separate deed, she received its value, as a consideration for its delivery, and her act, I am persuaded, released the land from all claim of dower in her favor in law and equity.
I cannot therefore conclude that any of the objections taken by the defendant are well founded, or cast any reasonable doubt upon the goodness of the plaintiff’s title to the land.
There should be judgment in favor of the plaintiff for specific performance as demanded in the complaint.
James P. Campbell, attorney, and Alexander Thain of counsel, for appellant.
Dill, Chandler & Seymour, attorneys, for respondent.
Per Curiam.
Judgment is affirmed on the opinion of the referee, with costs.