FRANCIS LAHEY, Appellant, *v.* GOUVERNEUR KORTRIGHT, Individually and as Trustee, etc., et al., Impleaded, etc., Respondents.

The will of K., after providing for the payment of debts, etc., directed that his residuary estate should be divided equally between his wife and children. The executors were directed to divide such residue into as many equal shares as would give two to each beneficiary, to convey one to the beneficiary and retain the other, paying to him or her the income during life; they were also authorized to sell any or all the real or personal estate, and after payment of debts as provided, to invest the proceeds "as they, in their discretion, may deem most for the interest of the parties interested." The executors named in the will renounced and letters of administration with the will annexed were issued to others. By judgment, in an action of partition and for the appointment of a trustee in place of those who had renounced, C. was appointed such trustee and certain lots in the city of New York were set off to him, as trustee, for the testator's two sons, L. and G., who, with the widow, were the only beneficiaries. Subsequently, upon petition of C., in which the beneficiaries joined, he was permitted to surrender the trusts, and L. was appointed trustee of the share of G., while the latter was

appointed trustee of the shares of L. and the widow, and conveyance
was made to them by C. L. and C. contracted to sell the lots in ques-
tion to plaintiff. In an action to recover back the portion of the pur-
chase-price paid, and expenses, upon the ground of defect of title, *held,*
that the will created an express trust (1 R. S. 728, § 55), and the
trustees took title to the lands embraced therein and set apart for its
purposes; that L. and G. succeeded to this title; that the power of sale
was intended to be applicable to the subject of the trust, and, being
thus annexed to it in aid of its execution, was taken by the substituted
trustees; and that, therefore, they could convey a good title.

*Coleman* v. *Beach* (97 N. Y. 545); *In re Bierbaum* (40 Hun, 504); *Sweeney* v.
  *Warren* (127 N. Y. 426), distinguished.

Also *held,* that as in the action of partition all the parties interested were
before the court, none of them could challenge the title of the trustees
to the real estate, which was by the judgment therein made subject to
the trust.

(Argued March 17, 1892; decided April 26, 1892.)

APPEAL from judgment of the General Term of the Superior
Court of the city of New York, entered upon an order made
July 8, 1890, which affirmed a judgment in favor of defend-
ants entered upon a decision of the court on trial at Special
Term and also affirmed an order granting defendants an extra
allowance.

The purpose of the action was to relieve the plaintiff from
a contract for the purchase of certain premises in the city of
New York, designated as lots Nos. 430, 432, 434, on West
34th street, and to recover ten per cent of the purchase-money
paid, also certain charges for auctioneer's and salesroom fees,
and expenses for examining the title, upon the alleged ground
that the defendants were unable to give a good title. The
trial resulted in a judgment for the defendants and for specific
performance by the plaintiff.

The facts, so far as material, are stated in the opinion.

*Esek Cowen* for appellant. The power of sale contained in
clause II of the will, was a power for the purpose of paying
debts and funeral expenses, and for the convenient distribution
or division of the testator's estate. It was never intended to
attach to the trust created by the sixth clause of the will, or to

continue during the entire lives of the widow and children of the testator. (*Kinnier* v. *Rogers*, 42 N. Y. 531.) The power of sale conferred upon the executors was either a power to sell lands to pay debts, in which case the authority clearly expired before the division of the property, which could not take place until the debts were ascertained and paid, or it was a discretionary power imposing no duty upon the executors which could be enforced by a court of equity. In the latter case no one except the executors named in the will could exercise the discretion. (*In re Bierbaum*, 40 Hun, 504 ; *Coleman* v. *Beach*, 97 N. Y. 545 ; *Mott* v. *Ackermann*, 92 id. 546 ; *Cook* v. *Pratt*, 98 id. 39.)

*S. Jones* for appellant. All the executors having renounced and refused to qualify, there was no one to execute the trusts, but as a court of equity will never let a trust fail for want of a proper trustee, the Supreme Court possessing general equity powers and jurisdiction had the power to appoint a trustee to execute the trusts. (*Harris* v. *Rucker*, 13 B. Mon. 564 ; *Cook* v. *Platt*, 98 N. Y. 35.) The power of sale at the time it was undertaken to be executed was not an imperative one, but a purely discretionary one, and its execution could not be delegated to another. (*Coleman* v. *Beach*, 97 N. Y. 545–558 ; *In re Bierbaum*, 40 Hun, 504.) The title is not so free from doubt upon the questions of law involved as that the purchaser will be compelled to take. (*Fleming* v. *Burnham*, 100 N. Y. 1 ; *Irving* v. *Campbell*, 121 id. 353 ; *Kilpatrick* v. *Barron*, 125 id. 751.)

*John M. Bowers* for respondents. The power of sale given by the will was a general imperative power in trust, which, although discretionary as to the time of execution, could, on the death, removal, resignation or refusal to act of the trustees, be executed by a trustee appointed by the Supreme Court to carry out the trusts created by the will. (1 R. S. 732, 734, §§ 68, 69, 70, 71, 77, 95, 96 ; *Cook* v. *Platt*, 98 N. Y. 39 ; *Farrar* v. *McCue*, 89 id. 139 ; *Greenland* v. *Waddell*, 116 id. 234, 240 ; *Delaney* v. *McCormick*, 88 id. 174.) The power

of sale, was to the trustees, and, though imperative, could be exercised as to the time in their discretion. (*Cook* v. *Platt*, 98 N. Y. 39; *Mott* v. *Ackerman*, 92 id. 540; *Ward* v. *Ward*, 105 id. 68; *Tobias* v. *Cushman*, 32 id. 319; *Robert* v. *Corning*, 89 id. 225; *Bacon* v. *Bacon*, 4 Dem. 5.) The original trustees having refused the trust, an order discharging them therefrom was unnecessary. By their refusal to act, the trust vested in the Supreme Court, with all the powers and duties of the original trustees; and the court properly executed the trust by the appointment of new trustees. (*Depuyster* v. *Clendenning*, 8 Paige, 295; *In re Robinson*, 37 N. Y. 261; *Dunning* v. *O. N. Bank*, 71 id. 497; *Ross* v. *Roberts*, 2 Hun, 90.) It is not necessary for the Supreme Court to expressly confer any authority on the new trustee. The appointment carries with it all the authority vested in the original trustee. (*Clark* v. *Crego*, 51 N. Y. 646; *Farrar* v. *McCue*, 89 id. 139; *Nugent* v. *Clune*, 117 Mass. 219; *Boyce* v. *Adams*, 123 N. Y. 402; *Leggett* v. *Hunter*, 19 id. 445, 460.)

BRADLEY, J. The subject of controversy has relation to the power of the defendants Kortright as trustees to sell and convey the premises in question. If they possessed adequate power in that respect the plaintiff was properly required by the judgment to complete the purchase, otherwise he was entitled to the relief sought by the action. The disposition of the question is dependent somewhat and mainly upon the provisions of the will of Nicholas G. Kortright, which was admitted to probate in April, 1874. By it, after directing payment of his debts and funeral expenses and satisfaction of his bequest of household furniture, books and plate to his wife, the testator provided that the residue of his property, real and personal, should be equally divided between his wife and children, and directed his executors to divide such residue into as many equal shares as should be necessary to give to each two shares, to convey one of such equal shares to each of them, and to retain the residue of such equal shares in trust for the benefit of his wife and children, and pay to each of

them during their natural lives respectively the interest or income of one of such shares. He further directed that upon the death of any of those persons, the portion of his or her share remaining in the hands of the executors, should be divided equally among his surviving children and the lawful issue of such of his children as then may have died. And following these provisions were those of the eleventh clause as follows : " I give my executors full power and authority in regard to the investments of my said estate, and for this purpose they are authorized to sell and convey any or all of my real and personal estate, and after the payment of my debts as hereinbefore provided, to invest the proceeds in other real estate or in personal securities as they, in their discretion, may deem most for the interest of the parties interested in my estate." And he nominated and appointed two persons, Minturn and Blunt, executors and trustees. They renounced, and letters of administration with will annexed were issued to Sarah J. Kortright, the widow, and Benjamin Collins. Gouverneur and Lawrence M. Kortright were the only children of the testator, and with the widow constituted the beneficiaries of the residue as mentioned in the will. By judgment in an action for partition and for the appointment of a trustee in place of those who had so renounced, Benjamin Collins was appointed such trustee, and lot 434 West 34th street with other land was set off to Collins as trustee of Lawrence M. Kortright, and lots 430 and 432 West 34th street with other land were set off to him as trustee of Gouverneur Kortright. Several years afterwards upon petition of Collins, in which the beneficiaries joined, he was by the court permitted to surrender the trusts and was released and discharged therefrom. And subsequently Lawrence M. was appointed trustee of the share of his brother Gouverneur Kortright, and the latter was appointed trustee of the respective shares of the widow and Lawrence M. Kortright, and conveyance was made to them as such trustees by Collins, their predecessor in the trust, of the lands not disposed of while he was trustee. These proceedings were regularly and duly had to invest the new trustees

with the title to the lands which were the subject of the trust, and embraced in them were lots 430, 432 and 434 West 34th street, the lands in question. And the defendants as such trustees caused to be made the sale from which the plaintiff seeks to be relieved. He is entitled to such relief unless the trustees are able by their conveyance to give him a marketable title, which is a title free from reasonable doubt. (*Fleming* v. *Burnham*, 100 N. Y. 1; *Irving* v. *Campbell*, 121 id. 353; *Kilpatrick* v. *Barron*, 125 id. 751.)

The will from which the power of the trustees is derived, created an express trust within the meaning of the statute, as it provided for the receipt by them of the rents and profits or income of lands and the payment of the same over to the beneficiaries during their lives. (1 R. S. 728, § 55.) And for that purpose the trustees took title to the lands embraced within the trust. (Id. 729, § 60; *Brewster* v. *Striker*, 2 N. Y. 19; *Leggett* v. *Perkins*, Id. 297.)

This was the situation of the shares in the lands set apart for that purpose. The trustee Collins was succeeded in the title by the new trustees to the lands so held by him at the time he relinquished the trust.

It is, however, insisted on the part of the plaintiff that neither the trustee Collins nor his successors in that relation took any power of sale under the will. The determination of this question depends upon the construction and application of the provisions of the eleventh clause. It is forcibly argued by the learned counsel for the plaintiff that the power of sale given by such clause is not attached to the trust before mentioned, and has no relation to its execution, but that it was intended as a power to the executors as such to be executed only prior to the division of the estate into the shares provided for, and, as such, was one of personal confidence, and could be exercised by none other than the persons designated as executors by the testator, and that when they failed to assume such relation the power became inoperative. It would be less difficult to adopt the view that this was a naked power if it were not for the trust created by the preceding provision of

the will. But the power of sale given by this provision does not embrace within its terms as expressed, any purpose necessarily executorial; and for the discharge of their duties as executors no reason appears for the exercise by them of the power of sale for the purposes of investment of the proceeds. It is true that the expression in the eleventh clause in reference to the payment of debts of the testator, has relation to the duties of the executors, and the power of sale is in terms broad enough to cover his entire estate. But it did not purport to have been created for use in making the division provided for of the estate. No power was given the executors as such to withhold distribution of the personal property (if any should remain after payment of the debts), or to delay the division of the real estate, or to withhold from the beneficiaries the shares which they were entitled to take and appropriate to their own use. It, therefore, does not appear to have been intended that the power of sale should not survive the division of the estate. The purpose, as given for its execution, had relation to the investment of the proceeds in other real estate or personal securities. While a mere power of sale is discretionary and does not survive the donee of the power, it is otherwise when the power is coupled with a trust. Then it is taken by the trustees, and through the court of equity may be transmitted to their successors in the trust. In the present case the power of sale independent of and disconnected with the trust to receive and apply the rents and profits, would not have survived the renunciation of the persons named as executors. But by reference to the provisions of the will, as well that creating the power of sale as other portions, to ascertain its applicability contemplated by the testator, it seems that this power in its practical and essential purpose was intended to be applicable to the subject of the trust, which was to continue during the lives respectively of the beneficiaries. And being thus annexed to such trust in aid of its execution it would be taken by the trustees. In that view of its relation it is unnecessary to further pursue inquiry into the character of the power. (*Leggett* v. *Hunter*, 19 N. Y. 445.)

The cases cited upon the contention that this power was discretionary and could not be taken by the substituted trustees, do not seem to us to have any necessary application to the present case.

In *Coleman* v. *Beach* (97 N. Y. 545), there was no express trust, and the execution of the power was made expressly dependent upon the will of the grantee. And in *In re Bierbaum* (40 Hun, 504), there was also no trust, but merely a naked power, which was necessarily discretionary. And the same may be said of *Sweeney* v. *Warren* (127 N. Y. 426), and it was there held that at the time the executor assumed to execute the power of sale there was no legitimate purpose to be accomplished by its execution. In *Mott* v. *Ackerman* (92 N. Y. 539), the question finally arose whether a conveyance could be made by the administrator with the will annexed, and the court held it could, as the power of sale had been given to the executors for the purpose of paying debts and legacies, and was imperative. In that case there was no trust other than that which came within the powers of the executors as such. In the case at bar the trust created by the will to receive and apply the rents and profits of the land had, in the view taken, an important bearing upon the construction of the power of sale for reinvestment and its purpose. It could be seen that the title to the property subject to the trust would very likely remain in the trustees for many years, and during that time they were charged with an active duty in respect to it. It is quite reasonable to assume on the question of construction that it was in the contemplation of the testator that occasion might within that time, in view of the interests of the present and ultimate beneficiaries, arise for the sale of the specific real estate or some of it and the investment of the proceeds in other property.

This view of the power of sale for the purpose of investment in other property is consistent with the execution of the trust during the lives of those who were to take the income, and seems essential to effectuate the intent of the testator in creating such power. And it appears by the record here that

the power has been deemed effectual and sales accordingly have been made by the trustees. One such sale has the support of an adjudication. (*Kortright* v. *Storminger*, 49 Hun, 249.)

It is further urged that although the power of sale may have been by the will vested in the trustees there appointed, if they had assumed the trust, it was not conferred upon the defendant trustees because : (1) Their appointment was made by the court in the exercise of its general equity powers in that respect and not pursuant to the statute upon the subject, and (2) that the power of sale was not included in that conferred upon them by the orders of appointment.

By the judgment of the court Collins was appointed trustee under the will, and as such trustee invested with power and authority to execute the trusts created by it. And upon his petition to be relieved from the trust he was, by order of the court, permitted to surrender his trust and was discharged from liability, etc. This was a resignation within the meaning of the statute pursuant to which the defendants were appointed as new trustees (1 R. S. 731, § 71), and by the terms of the orders appointing them, they respectively were appointed trustees under the will to hold the shares set apart by the commissioners for the benefit of the beneficiaries, and to hold the same in trust for them. The court did not by these orders assume to limit in terms the power of the new trustees or definitely define the manner they should execute the trust. And by reference to the entire record of the proceedings, in that behalf it seems that the purpose was to substitute them as successors to Collins in the trust created by the will, from which, through the action of the court in placing them in that relation, they derived their powers. (*Farrar* v. *McCue*, 89 N. Y. 144; *Royce* v. *Adams*, 123 id. 402 ; *Nugent* v. *Cloon*, 117 Mass. 219.) A different question would be presented in a case where the powers of the trustees are derived from the general equity jurisdiction of the court. In respect to the action for partition all the parties essential to accomplish it were before the court. (*Meade* v. *Mitchell*, 17 N. Y. 210 ; *Brevoort* v.

*Brevoort,* 70 id. 136.) At all events, the persons who. took the other half were parties to the partition action, and cannot challenge the title of the trustees to the real estate which was. made subject to the trust.

The judgment should be affirmed.

All concur.

Judgment affirmed.