BURTIS v. TROWBRIDGE.

(Supreme Court, Appellate Division, First Department. January 20, 1911.)

1. WILLS (§ 671*)—POWER OF SALE—DONEE'S CAPACITY.

That a power of sale was given an executor eo nomine is not conclusive on the question whether it was coupled with a trust, where no "trustee" was mentioned in the will.

[Ed. Note.—For other cases, see Wills, Dec. Dig. § 671.*]

2. TRUSTS (§ 243*)—POWER OF SALE—SURVIVOR TO SUBSTITUTED TRUSTEE.

Testatrix gave all her property to her executor eo nomine, in trust to pay her debts and legacies, and to support her husband during his life, the principal to go to his heirs at his death. The executor was given full power to sell and to do all acts to execute the will. She left no debts, and her personalty greatly exceeded the legacies. *Held*, that the power of sale was given to execute the trust for the husband's support, and that hence it passed to a substituted trustee, making his conveyance effectual.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 350; Dec. Dig. § 243.*]

Submitted controversy under Code Civ. Proc. § 1279, by Edward S. Burtis against Frederick K. Trowbridge. Judgment for defendant.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Lincoln G. Backus, for plaintiff.

David B. Ogden, for defendant.

MILLER, J. Elizabeth R. Strong died on the 28th of April, 1885, leaving a last will and testament, duly admitted to probate in the county of New York, in and by which she gave all her property to her executor eo nomine, in trust to pay debts and two legacies of $200, and to hold and invest the residue, and the proceeds thereof, and to collect and receive the interest and income thereof, and apply the same to the support and maintenance of her husband during his life, and, on his death, to convey "the principal" to his heirs and next of kin. She gave to her executor eo nomine "full power to sell and convey any and all property real and personal," and "do all acts to carry out

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and execute the provisions and trusts" of her will. The executor named in the will qualified and acted as executor and trustee until December 6, 1901, when upon his own petition he was discharged, and one David Levy was on October 24, 1902, appointed substituted trustee, and entered upon the discharge of his duties. Thereafter he conveyed the real property owned by the testatrix at the time of her death to one Annie Walters, and by mesne conveyances whatever title was thus conveyed passed to this defendant. The testatrix left more than sufficient personal property to pay the debts and funeral expenses, and the trustee named in the will turned over to his successor the sum of $5,968.51. The husband died on the 25th of July, 1906, leaving the plaintiff his sole next of kin and heir at law.

The question involved is whether the power of sale was discretionary, or whether it was coupled with the trust and survived the payment of debts and legacies. The mere fact that it was given to the executor eo nomine is of no consequence because nowhere in the will is the word "trustee" used. The property was given to the executor in trust for three purposes, two of which were in their nature executorial. But it is manifest that the testatrix did not anticipate the exercise of the power of sale either to pay debts or legacies, as she had no debts and left personal property many times in excess of the two small legacies. The trust for the third purpose was to continue for an indefinite time—i. e., during the life of the husband—and the testatrix may well have anticipated that in the execution of it it might become convenient or necessary to sell the real estate. At any rate, by a process of elimination, it becomes evident that that was the only purpose for which the power could have been given. It necessarily follows that the power passed to the substituted trustee, and that his grant effectually conveyed the title. Lahey v. Kortright, 132 N. Y. 450, 30 N. E. 989.

The defendant should therefore have judgment, in accordance with the terms of the stipulation, with costs. All concur.