Maximilian Moss, S.
Testator named an individual and the Peoples Trust Company as trustees. First National City Trust. Company, as present petitioner, is the substituted trustee appointed in place of the National City Bank (successor by *574 consolidation to the Peoples Trust Company). The individual trustee died in 1957. His death and the change of corporate trustee presents questions relating to petitioner’s powers. A construction of paragraph seventh of the will is required. Insofar as pertinent it follows: ‘ ‘ Upon the death of my son-in-law * * * I authorize and empower the surviving Trustee to make such disposition of and changes in the securities consisting said trust funds as shall be ratified and approved by the majority vote of the Executive Committee of the Peoples Trust Company, and I authorize and empower them to invest and reinvest the principal of said trust funds, in addition to the securities in which Executors and Trustees are now or may hereafter be allowed by law to invest trust funds in, to invest the principal of said trust funds in first mortgage bonds of railroad companies which have made no default in payment of dividends upon their stock for five years preceding the purchase of such securities, or in the stocks of railroad companies which have made no default in payment of dividends upon their common or preferred stock for seven years preceding such purchase; directing and requesting them, however, to make only such investments as in their judgment are compatible with safety, it being my intention and desire that the safety and conservation of the principal of said trust funds should be the first consideration.”
Testator authorized the named trustee to invest in railroad bonds which met stated standards, in addition to investments permitted by law. The defined criteria established by testator indicate that the powers granted the named trustees were not so personal to them that they would not devolve upon their successor appointed by the court (Haynes v. Sherman, 117 N. Y. 433; Lahey v. Kortright, 132 N. Y. 450; Rogers v. Rogers, 111 N. Y. 228, 238).
Since the corporate trustee named by testator is no longer in existence, compliance with his direction that changes in the securities must be ratified and approved by a majority vote of its executive committee is no longer possible. The court holds that petitioner is vested with all the powers which testator conferred upon his named trustees, without complying with such direction. Consequently petitioner may make such changes in the securities constituting the trust funds as will be for the best interest of the trust, and that it is authorized to invest the funds in securities permitted by law and in railroad bonds meeting standards set out by testator. The will is so construed. Settle decree on notice.