MORRIS MOREY, Respondent, v. FRANCIS W. TRACEY, Appellant.

An action may be brought under the Code of Civil Procedure (§ 1937), after the recovery of a judgment against joint debtors, by the judgment creditor

" against one or more of the defendants who were not summoned in the original action," although the defendants served have appealed and have given the security, which under said Code (§ 1310) "stays all proceedings to enforce the judgment appealed from."

The second action is not brought to enforce the judgment but to establish the liability of the defendants not served, which is not determined by such judgment.

(Submitted May 3, 1883 ; decided June 5, 1883.)

APPEAL from judgment of the General Term of the Superior Court of the city of Buffalo, entered upon an order made March 27, 1882, which affirmed a judgment in favor of plaintiff, entered on the report of a referee.

This action was brought under section 1937 of the Code of Civil Procedure, after a judgment upon a joint undertaking to charge the defendant here, who was a defendant in the prior action, but who was not served with the summons.

The defendant who was served appealed from the judgment giving the undertaking required to stay proceedings. Pending the appeal this action was brought. The defense, among other things, was that plaintiff was stayed by the undertaking from bringing the action.

Further facts are stated in the opinion.

*Bowen, Rogers & Locke* for appellant. The undertaking given by the defendant Tifft, in the action by this plaintiff against Tifft and Tracy, stays all proceedings to enforce the judgment pending the appeal in that case. (Code, §§ 1310, 1937, 1940, 1941; *Butchers & Grocers' B'k* v. *Willis*, 1 Edw. Ch. 645.)

*E. C. Sprague* for respondent. The statute of limitations does not run against a cause of action where an appeal has been perfected and an undertaking given to stay proceedings. (Code of Civ. Pro., §§ 406, 1309 ; Code of Procedure, §§ 105, 348 ; *Maples* v. *Mackey*, 89 N. Y. 146.; The stay granted on the undertaking given by Tifft in the original action is not a bar to this action. (Code of Civ. Pro., §§ 1310, 1935.) This

is not an action upon the former judgment in any such sense as claimed by defendant. (*Oakey* v. *Aspinwall*, 4 N. Y. 513, 535, 540 ; *Lane* v. *Salter*, 51 id. 1 ; *Brum* v. *Brooker*, 4 Denio, 56 ; *Foster* v. *Wood*, 1 Abb. [N. S.] 150 ; 30 How. Pr. 284.)

Andrews, J. The judgment against George W. Tifft and Francis W. Tracy, rendered upon their joint undertaking as sureties upon the successive appeals in the suit of *Davis* v. *Read et al.*, was in form against both defendants, upon service of process upon Tifft alone. The defendant Tracy was not served with the summons, nor did he appear in the action. Tifft appealed from the judgment and gave the requisite undertaking to stay proceedings. The plaintiff, pending the appeal by Tifft brought this action against Tracy, under section 1937 of the Code, and the sole question is whether the provision of section 1310, that, when an appeal is perfected and security given, "the appeal stays all proceedings to enforce the judgment appealed from," is a defense. The answer is plain. The action is not brought to enforce the original judgment. The original judgment bound the defendant served and authorized execution to go against his separate property or the joint personal property of both defendants. These are the only rights flowing from the judgment, and their enforcement was stayed by the appeal. The present action is not an action to enforce the plaintiff's rights under the original judgment, or to obtain the fruits of it. Its sole object is to establish Tracy's liability on the original contract, which was not determined by the original judgment, and of which it was no evidence. If there had been no stay, the plaintiff would have been compelled to proceed against Tracy by action, to enforce his personal liability. It is not material whether this action is regarded as an action in form on the judgment, or upon the original contract. It is not an action to enforce the judgment, and this is all that the stay prevents. The plaintiff could not rest on the judgment, to maintain his action. The liability of Tracy could only be established by evidence *aliunde*, and Tracy could interpose any defense which he might have made in the

original action. (Code, § 1039.) The primary object of section 1310, was to protect the party appealing from having the judgment enforced against him while the right was in controversy, on condition of giving security for the final judgment. The defendant is not in a position to interpose the stay secured by Tifft, as a defense to a proceeding instituted to determine rights not adjudicated by the former judgment.

The judgment should be affirmed.

All concur.

Judgment affirmed.