Freedman, J.
Assuming that the power of sale given by the will was an imperative and general power in trust, which, although discretionary as to the time of execution, could, on the death, removal, resignation or refusal to act of the trustees, be conferred by the supreme court on a trustee appointed by that court to carry out the trusts created by the will, the question still remains whether the supreme court really did confer the power. If it was conferred, it must be found in the order of appointment, for a trustee so appointed takes all his power from the order of his appointnient.
In Kortright, Trustee, etc. v. Storminger, which was a case submitted on an agreed state of facts, the case, as submitted to the general term of the supreme court, showed that by an order duly made and entered, a new trustee had been duly appointed to hold a certain share of the estate with all the powers and authority given to the trustees by the provisions of the will. But the order of his appointment was not set forth. Under that broad admission it could well be held, as it was held, that he possessed all the powers to sell which were possessed by the original trustees.
' In the case before me the orders appointing Gouverneur Kortright and Lawrence M. Kortright as trustees were put in evidence, and they fail to show that any power of sale was conferred by the court upon either of said trustees. The order appointing Gouverneur Kortright shows that Sarah A. Taylor and Lawrence M. Kortright had petitioned for his appointment as trustee “ to hold the share set apart by commissioners in partition for the benefit of said Sarah A. Taylor and Lawrence M. Kortright, and to be held in trust for their benefit;’5 and that thereupon it was ordered that he be appointed “such trustee.”
*900 The order appointing Lawrence M. Kortright was made on the petition of Gouverneur Kortright, praying that Lawrence M. Kortright be appointed trustee to hold his (Gouverneur K.’s) share, and by it he is appointed “such trustee.”
Now, it may be conceded that under the decisions of Clark v. Crego, (51 N.Y. 646) and Farrar v. McCue,) 89 N. Y., 139) it was- not necessary for the supreme court to expressly confer the power of sale on the new trustees. Their general appointment in place of the former trustees would have carried with it all the powers vested in the former trustées.
But the two orders above referred to did not appoint generally, but specially, and for that reason they did not by implication confer the power of sale.
The foregoing considerations entitle the plaintiffs to judgment. Findings and judgment to be settled on notice.