(23 Misc. Rep. 608.)

HEAGNEY v. HOPKINS et al.

(Supreme Court, Appellate Term. June 6, 1898.)

BUILDING CONTRACTOR'S BOND—ENFORCEMENT OF LIEN BY CONTRACTOR—STAY OF ACTION ON BOND.

Certain building contractors, after giving an undertaking, with sureties, under the statute in force prior to 1897, to discharge the mechanic's lien of a subcontractor by securing the payment of any judgment against said property in his favor in any action to enforce his alleged lien, thereafter brought an action against the owner to foreclose a lien filed by themselves, and made the subcontractor a party defendant. From a judgment thereafter entered, establishing both liens, and directing sale of the property and payment, the owner appealed, and gave an undertaking to stay execution. *Held* that, under the peculiar circumstances, this appeal and stay constituted no defense to an action by the subcontractor upon the undertaking to discharge his lien.

Appeal from city court of New York, general term.

Action by Eugene F. Heagney against Le Roy Hopkins and others. From a judgment of the general term (49 N. Y. Supp. 1018) modifying and affirming a judgment in favor of defendants, and dismissing the complaint, plaintiff appeals. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Stanley W. Dexter, for appellant.
J. Woolsey Shepard, for respondents.

BEEKMAN, P. J. It appears from the record that one William Engel, the owner of certain property, entered into a contract with

the defendants Hopkins & Roberts, under which the latter agreed to do certain work towards the erection of a building upon said premises; and they, in turn, contracted with the plaintiff in this action to do the plumbing and gas-fitting work. Liens were subsequently filed by Hopkins & Roberts and by the plaintiff in this action, respectively; and thereafter the former instituted an action for the foreclosure of their lien against Engel, making the plaintiff a party defendant. Such proceedings were thereupon had that, after a trial of that action, judgment was rendered against the owner, under which both of the liens were fully established, and the usual directions given for the sale of the property, and the payment of such liens out of the proceeds. Before the commencement of such action the lien of the plaintiff herein was discharged, pursuant to the statute, upon the execution and delivery of a bond to the clerk of the city and county of New York by Hopkins & Roberts, as principals, and the defendants Adler and Donges, as sureties. The condition of the bond was that if "Le Roy Hopkins and John B. Roberts, their heirs, executors, or administrators, shall well and truly pay any and all judgments which may be rendered against said property in favor of said Eugene F. Heagney, his legal representatives or assigns, in any action or proceeding to enforce his alleged lien, then this obligation shall be void; otherwise to remain in full force and virtue." The judgment was rendered on the 10th day of July, 1896; and on the 19th day of August of the same year an appeal was taken therefrom by the owner to the appellate division, and on the same day an undertaking was given by him in such form as to stay execution of the judgment so appealed from. Subsequently, and before the hearing and determination of such appeal, this action was brought upon the bond which had been given for the purpose of discharging plaintiff's lien upon the premises. The defendants have answered; setting up, among other things, the pendency of the appeal, and the giving of the undertaking thereon. Upon the trial the court dismissed the complaint upon the merits. The general term of the city court modified the judgment, striking out the words "upon the merits," but, as so modified, affirmed it,—apparently, as disclosed by their opinion, on the ground that the condition of the bond contemplated a final judgment against the property, and that as the judgment in the foreclosure proceedings had been appealed from, which appeal was still pending, the judgment was not final, and the plaintiff's action had been prematurely brought. The counsel for the defendants urges the further point that no action can be separately maintained upon such a bond, but that the sureties should have been made parties to the foreclosure action; and he cites in support of his claim the case of Morton v. Tucker, 145 N. Y. 244, 40 N. E. 3. It is, however, unnecessary to enter upon any discussion of the question, in view of the fact that the appellate division in this department, in the case of Ringle v. Matthiessen, 10 App. Div. 274, 41 N. Y. Supp. 962, has held otherwise. By that decision we are bound, and the question is therefore no longer an open one here. We are thus left to consider only two questions which the record presents for discussion. (1) Whether the undertaking on appeal in the foreclosure proceedings

operated as a stay of any proceedings for the enforcement of the bond; (2) the construction to be given to the condition of the bond.

At the outset it is necessary to call attention to the fact that the bond in this case was not given by the owner, Engel, but by the principal contractor. This is no longer permissible, under the provisions of the lien law as it now stands (Laws 1897, c. 418, § 18); but at the time the bond in question was given, and the lien discharged, the statute was broad enough to include the contractor, and a bond given by him, as the moving party seeking a discharge of the lien was held to be within the purview of the statute. New York Lumber & Wood-Working Co. v. Seventy-Third St. Bldg. Co. (Com. Pl.) 3 N. Y. Supp. 937. Where the bond is executed by the owner, he still continues chargeable, so to speak, with respect to the lien, by the substitution of his personal engagement for the land; and the sureties who join in the execution of the bond are sureties for him, and entitled to resort to him for reimbursement if they are compelled to pay upon a breach of the condition. There is therefore an obvious distinction between such a bond and one given by the contractor. In the latter case the contractor becomes the principal, and the sureties are sureties for him, and bound only to the performance by him of the obligation which they have entered into. The importance of this distinction, in its bearing upon the question under examination, will be apparent. Where the lien is discharged upon the owner's bond, he is necessarily interested in any attempt to enforce it; and where the method adopted is by first obtaining a judgment in foreclosure proceedings, establishing the lien against the property, and then prosecuting the bond, there is considerable force in the claim that the latter action is one brought to secure the fruits of the foreclosure judgment, and therefore subject to the stay of execution affecting that judgment. That judgment, while against the property, in one sense, is so only as a matter of form; that is, while it determines that the lien was a valid and enforceable one, it stops there, and declines to enforce it, because of its discharge. It simply establishes a right, without providing means for its enforcement. Where, then, the owner has appealed from the judgment of foreclosure, and has obtained a stay of proceedings pending the appeal, in the manner provided by law, the argument is certainly a very persuasive one, that, during its continuance, it operates to prevent any action upon the bond given by the owner upon a discharge of the lien. It has been held that such a stay is effectual against any proceeding "to enforce the plaintiff's rights under the original judgment, or to obtain the fruits of it." Morey v. Tracey, 92 N. Y. 582. While suggesting the force of this contention, we do not propose to pass upon it, in view of the fact that in the case before us the lien was discharged, and the bond given, not by the owner, but by the contractor. The suit which has been brought upon the bond is against the contractor and his sureties, and not against the owner, to whom it is a matter of indifference whether there is a recovery upon it or not. The stay which he has obtained is for his own benefit,—intended as a protection to him against proceedings to his hurt, under or on the footing of the judgment, while the appeal is pending;

and as this action is not for the enforcement of the original judg-ment, or to secure the fruits of it, as against him, it cannot be prop-erly claimed that it comes within the operation of the stay.    There are certain features of the case which at this point it is proper to refer to:

The validity of the lien of the plaintiff is dependent upon the deter-mination of the question whether the owner owed the defendants Hopkins & Roberts, the principal contractors, anything; otherwise it was not the subject of dispute.    The controversy was entirely with respect to the indebtedness of the owner to Hopkins & Roberts, and the validity of their lien, which had not been bonded and dis-charged.    The judgment passed in their favor, and provided for a sale of the property to satisfy the amount of their claim, so that there was a sufficient reason in this fact alone for the securing by the owner of a stay of proceedings pending his appeal.    While it is true that the judgment apparently makes provision for the payment of the plaintiff's claim out of the proceeds of the sale, it is none the less to be treated as in that respect merely formal.    Certainly, the plaintiff, having brought his action on the bond, the consideration of which was the discharge of the lien, could not be allowed to take any other position.    It is thus apparent that the only person who might be in a position to claim the application of the stay to this action is not a party to it, nor apparently interested in its event. The contractors, who in this action ars seeking the benefit of the stay, are those against whom it is leveled, who are themselves sub-ject to its restraining force, and who are the respondents on the ap-peal, there contending that the judgment is irreversible for error, and should stand, while the sureties are strangers to the owner, and bound, not for the payment by him, but by the contractors, of any judgment rendered against the property in favor of the plaintiff. Under the peculiar facts of this case, we conclude, therefore, that the existence of the stay in question is not available as a defense in this action.

The contention that there has been no breach of the condition of the bond, because, by reason of the appeal, the judgment lacks the at-tribute of finality, and that this action has therefore been prema-turely brought, is also untenable.    It will be observed that the con-dition is very broad in its terms, binding the parties to the payment of "any and all judgments which may be rendered against the prop-erty" in favor of the plaintiff.    Of course, this imports that the judgment so rendered must be final, as distinguished from an interloc-utory judgment; but there is no claim made here, nor could there be any, that the judgment in question is not final in that sense.    It is a complete determination of the rights of the parties to the suit with respect to its subject-matter, leaving no further question or direction for future determination except such as may be necessary to carry it into effect.    12 Am. & Eng. Enc. Law, p. 63; Morris v. Mo-range, 38 N. Y. 172.    In the latter case the court held that a judg-ment of foreclosure of a mortgage was a final judgment, and, as the action to foreclose a mechanic's lien is by statute assimilated to one for the foreclosure of a mortgage, the case is an authority here.

It is true that the words "final judgment" are often used to designate a judgment which is irreversible on appeal, or one from which no appeal will lie; and, where the case is one in which it is apparent that the words were used in that sense, effect must be given to them accordingly. But there is nothing in the case before us to justify such an extreme construction. The language here used is, "any and all judgments which may be rendered against the property," and the judgment in question responds clearly and naturally to that description. The word "final" is not used, and there is not, therefore, the possible suggestion which might then have arisen, that as the judgment of foreclosure would have been "final," in the legal acceptation of the term, without such a characterization, the employment of the word tended to show that the parties had in contemplation something more, namely, a judgment final in the sense that it was to be beyond the reach of reversal. We do not think that the terms of the bond call for any such construction. So to hold would be to impose a special and limited meaning upon the language used, narrower than its ordinary and natural import, which, if intended, could have been aptly expressed in appropriate terms. It would also result in difficulties and embarrassments in the enforcement of such obligations, which would be quite opposed to the spirit of the mechanic's lien law, the object of which is to secure a certain and speedy method of satisfying the demands for which such liens are given, and which is required to be liberally construed to that end. The mere pendency of an appeal does not affect the validity or effect of the judgment pending the appeal. Storrs v. Plumb, 30 Hun, 319, 320. An action may still be maintained upon such a judgment, provided its enforcement has not been actually stayed while the appeal is pending. Faber v. Hovey, 117 Mass. 107; Clark v. Child, 136 Mass. 344; Taylor v. Shew, 39 Cal. 536; Insurance Co. v. De Wolf, 33 Pa. St. 45; Suydam v. Hoyt's Adm'rs, 25 N. J. Law, 230. And, notwithstanding it is appealed from, it may still be pleaded as a bar while it remains unreversed. Harris v. Hammond, 18 How. Prac. 123. It is plain, therefore, that a judgment does not lose its character, or abate in any of its essential attributes, because it has been appealed from, so long as it is unreversed; so that in the case at bar the mere fact that an appeal had been taken did not diminish or suspend the obligation which the defendants entered into to pay the judgment which had been rendered in plaintiff's favor. In other words, it was no defense to the action. It is urged that this involves great hardship, and would result in a denial of justice, should the judgment be ultimately reversed after a recovery has been had in this action. Such is at times the effect of the application of legal principles under the constraint of formal methods adopted for the orderly administration of justice. But it may be said that the court is not entirely without power to deal with such a situation. It was held by the court of king's bench (Cristie v. Richardson, 3 Term R. 78) that the court would stay the proceedings in an action on a judgment pending a writ of error brought to reverse that judgment; and in Suydam v. Hoyt's Adm'rs, 25 N. J. Law, 230, it is said that the granting of such a stay is in the discretion of the court

in which the action is brought. While in the present case the action, strictly speaking, is not upon the judgment, the reason for the rule would seem to justify its extension to such a case as this. The defendants, however, have not sought such relief, but rest upon the matters alleged as a legal defense to the action. As they do not constitute such a defense, it follows that the court erred in dismissing the complaint, and the judgment must therefore be reversed.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.