## VEREINIGTE PINSEL-FABRIKEN v. ROGERS.

(Supreme Court, Appellate Division, First Department. June 22, 1900.)

1. PARTNERSHIP—ACTION AGAINST PARTNER—APPEAL — EVIDENCE — HARMLESS ERROR.

In an action by a judgment creditor to recover against a partner not personally summoned in an original action against the partnership, the admission of the prior judgment roll, under Code Civ. Proc. § 1933, authorizing its admission as evidence of the extent of plaintiff's demand, without a showing that it was used for any other purpose than authorized, is not reversible error.

2. SALES—CONSTRUCTION OF CONTRACT.

A foreign firm agreed to sell all the goods it manufactured for the United States through defendants, and to pay them for their services a commission on all sales not made from stock, whether such sales were made by defendants or by such firm; and on all sales made by defendants, in their own name, from stock kept by such firm in the United States for their account, defendants were, in addition to the commission, to deduct 5 per cent. on the invoice price of the goods. Defendants were not to run any risk for goods sold, except for such as they sold in their own name. The sale memoranda sent by defendants debited themselves with the total amount of goods sold, and credited themselves with the commissions and the 5 per cent. discount allowed. On defendants' books a distinction was made between the goods on which they were entitled to deduct the 5 per cent., and those on which they were entitled to commission; and when goods were sold to a customer of defendants they were billed as sales by defendants, and when sold to a customer of plaintiff they were billed as sold by plaintiff. *Held* sufficient to establish that the sales on which such 5 per cent. was allowed vested the title to such goods in defendants, as buyers, and were not ordinary sales on commission.

Appeal from trial term, New York county.

Action by the Vereinigte Pinsel-Fabriken against John Bard Rogers. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

Thaddeus D. Kenneson, for appellant.
Ira L. Bamberger, for respondent.

INGRAHAM, J. The action is brought to recover for goods sold and delivered; the plaintiff being a foreign corporation, and the defendant a member of a firm doing business in the city of New York, composed of himself and one John L. Sardy. An action was commenced against the members of this firm, in which the summons was served upon Sardy, but not on the defendant. In that action judgment was recovered in favor of the plaintiff against Sardy for the amount claimed. Subsequently this action was commenced, as allowed by sections 1937 and 1938 of the Code of Civil Procedure, the complaint alleging that certain goods were sold and delivered to the copartnership; that an action had been commenced against the firm, and judgment had against Sardy, but that the defendant had not been served in that action; and that the defendant in this action and Sardy were co-partners. The answer admits the co-partnership, de-

nies the sale of the goods by the plaintiff to the co-partnership, denies knowledge or information sufficient to form a belief as to the judgment in the former action, and alleges payment of any sum or sums due from the defendant to the plaintiff.

Upon the trial of the action the judgment roll in the former action was offered in evidence, and there seems to have been some discussion between the counsel and the court as to the purpose for which it was offered. The judgment roll was clearly admissible, under section 1933 of the Code, which provides:

"As against a defendant not summoned, it [the judgment] is evidence only of the extent of the plaintiff's demand, after the liability of that defendant has been established, by other evidence."

Counsel for the plaintiff stated:

"I also offer the judgment roll, and each paper comprising it and therein contained specifically under section 1933 of the Code as evidence of the extent of the plaintiff's demand."

There was an objection by counsel for the defendant, but the judgment roll was admitted in evidence, and it was clearly admissible for the purpose above mentioned. There is nothing in the record to show that this judgment roll was used for any other purpose than that specified in section 1933 of the Code, and there was no request for an instruction to the jury as to the weight to be given to it, nor an exception to the charge of the judge upon the subject. As the judgment roll was properly admitted for a specific purpose, and as it does not appear to have been used for any other purpose, there was no error that would justify a reversal of the judgment. There is no other exception to a ruling on evidence that requires notice.

The defendant also excepted to the construction given to the third clause of the contract between the plaintiff and Sardy, Coles & Co. By this contract the plaintiff agreed to sell all the goods it manufactured for the United States through Sardy, Coles & Co.; and by the third clause of the contract the plaintiffs agreed to pay Sardy, Coles & Co. for their services a commission of 3½ per cent. on the invoice value on all sales in the United States not made from stock, whether said sales should be made by Sardy, Coles & Co. or by the plaintiffs, "and on all sales made by Sardy, Coles & Company, in their own name, from stock kept by the said Vereinigte Pinsel-Fabriken in the United States for their account, the said Vereinigte Pinsel-Fabriken agree that said Sardy, Coles & Company shall, in addition to said three and one-half per cent. commission, deduct five per cent. on the invoice price of such goods." There was thus a distinction between sales made by Sardy, Coles & Co., in their own name, from stock kept by the plaintiff, whether through Sardy, Coles & Co. or not; and the contract clearly contemplated that when Sardy, Coles & Co. sold goods in their own name from stock, the title to such goods was to vest in Sardy, Coles & Co., for they were to deduct from the invoice price of such goods the additional amount to be allowed them, viz. 5 per cent. This provision would be meaningless unless it was understood that upon the sale by Sardy, Coles & Co. of goods in their own name the title of the goods was to vest in

Sardy, Coles & Co., and as to such goods they were to be purchasers thereof from the plaintiff. This intention of the parties was emphasized by the eleventh clause of the contract, which provides:

"It is understood and agreed that Messrs. Sardy, Coles & Company shall not run any risk for goods sold, except for such as they may sell in their own name."

For goods sold in their own name, Sardy, Coles & Co. were to receive the price for which they were sold, regardless of the invoice price; and it is clear that the contract contemplated that the invoice price was to be the price charged to Sardy, Coles & Co., less the $3\frac{1}{2}$ per cent. commission that they were to be allowed for all goods sold in the United States, and the 5 per cent. which they were to deduct from such invoice price. The amount for which such goods were sold thus belonging to Sardy, Coles & Co., the plaintiff would have no interest therein, as Sardy, Coles & Co. were to be liable for such goods as for goods sold and delivered to them. There is nothing in the record to contradict this inference that is to be drawn from the contract itself, and the accounts rendered by Sardy, Coles & Co. to the plaintiff quite clearly indicate that this was the practical construction that had been placed upon the contract by the parties to it. Thus, the sale memoranda that were sent by the defendant state, "Sales from stock, S., C. & Co.'s bills;" following a list of each sale with the amount, and then, at the end, "To our debit," total amount of the goods at the invoice price, followed by an entry, "Com'n on above at $8\frac{1}{2}$ to our credit;" thus debiting themselves with the total amount of the goods sold, and crediting themselves with the commission and the 5 per cent. discount allowed. It also appeared that Sardy, Coles & Co. credited the plaintiffs with these goods upon their books, and charged directly to the purchasers the amount of each separate sale, and that all through their books there was a distinction between goods on which they were entitled to deduct $8\frac{1}{2}$ per cent. from the invoice price, and the sales that were made, where they were entitled to a commission of only $3\frac{1}{2}$ per cent. It was also proved that where goods were sold to a customer of Sardy, Coles & Co., they were billed as sales by Sardy, Coles & Co., but when goods were sold to a customer of the plaintiff they were billed in the name of the plaintiff; and during these transactions all moneys received by Sardy, Coles & Co. for goods billed in the name of the plaintiff were deposited in a bank to the credit of the plaintiff, while the moneys received from goods billed in the name of Sardy, Coles & Co. were received directly by Sardy, Coles & Co., and the invoice price, less the deduction of $8\frac{1}{2}$ per cent., accounted for to the plaintiff. It follows that the construction given to this contract upon the trial was correct, and that the plaintiff was entitled to recover. There was no error that would affect this result, or that would justify a reversal of the judgment.

The judgment and order appealed from are therefore affirmed, with costs. All concur.