(50 Misc. Rep. 328)

## HOFFERBERTH v. NASH.

(Supreme Court, Appellate Term.   April 24, 1906.)

1. PARTNERSHIP—ACTION AGAINST PARTNERS—ENFORCEMENT OF JUDGMENT
AGAINST PARTNER NOT SERVED.

Code Civ. Proc. § 1913, provides that an action on a judgment cannot
be maintained between the original parties unless the court in which the
action is brought has previously made an order granting leave to bring
it.   Section 1937 provides that after the recovery of a judgment against
joint debtors an action may be maintained by the judgment creditor
against a defendant not summoned in the original action to procure a judg-
ment charging his property with the sum remaining unpaid on the original
judgment.   *Held* that, where an action on a judgment against partners
was at the trial by tacit consent resolved into one brought to establish
the liability of one of the defendants who was not served with summons,
defenses that the judgment was never duly docketed and that leave of
the court to bring the action had not been had were immaterial.

2. SAME.

In an action to establish defendant's liability as a defendant not sum-
moned in a former action against partners, the identity of the name of
defendant and the partner not summoned in the former action was prima
facie evidence of the identity of the persons.

3. APPEAL—PRESENTATION OF QUESTION ON TRIAL—GROUNDS OF DEFENSE.

Where, in an action under Code Civ. Proc. § 1937, to establish the
liability of defendant as a partner not summoned in a former action
against partners, the identity of defendant and the partner not sum-
moned was not disputed, and the trial court's attention was not directed
to any such question, defendant would not be permitted to raise the
question on appeal.

4. JUDGMENT—CONCLUSIVENESS—JOINT DEBTORS.

By the express provisions of Code Civ. Proc. § 1933, a judgment against
joint debtors is, as against a defendant not summoned, conclusive evi-
dence of the extent of plaintiff's demand.

5. LIMITATION OF ACTIONS—STATUTORY LIABILITY.

Code Civ. Proc. § 1937, provides that after the recovery of a judgment
against joint debtors an action may be maintained by the judgment credit-
or against a defendant not summoned in the original action to procure
a judgment charging his property with the sum remaining unpaid on
the original judgment.   *Held,* that in an action under the statute a de-
fense that the action was not brought within six years after the orig-
inal cause of action had accrued was not available, where it did not
exist when the former action was brought.

6. SAME.

Code Civ. Proc. § 388, provides that an action, the limitation of which
is not specially prescribed, must be commenced within 10 years after
the cause of action accrues.   *Held,* that an action under section 1937
was not barred when not commenced within 10 years after the recovery
of the former judgment, since the action is not one on the judgment.

7. JUDGMENT—ACTION—CONDITIONS PRECEDENT.

Code Civ. Proc. § 1936, provides that, where a judgment is taken
against joint debtors, the clerk with whom the roll is filed must write
upon the docket under the name of each defendant not served the words
"not summoned."   Section 1937 provides that after judgment against
joint debtors an action may be maintained against one of them not sum-
moned in the original action, to procure a judgment charging his property
with the amount unpaid on the judgment.   *Held,* that the neglect of the
clerk to make the proper entry in respect to a defendant not served does
not preclude an action against him under section 1937.

Appeal from City Court of New York, Special Term.

Action by Charles Hofferberth against George Nash. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before SCOTT, P. J., and TRUAX and BISCHOFF, JJ.

Elias B. Goodman and H. C. S. Simpson, for appellant.

James A. Allen, for respondent.

BISCHOFF, J. By tacit consent upon the trial (Frear v. Sweet, 118 N. Y. 454, 23 N. E. 910), the parties resolved this action from one upon a judgment of the City Court of New York, alleged to have been recovered March 4, 1884, against George Collins and George Nash, as copartners, jointly and severally, into one brought to establish the liability of Nash, who was admittedly not served with the summons in the former action (Code Civ. Proc. §§ 1932–1941), and thus the action proceeded to judgment for the plaintiff upon a verdict directed in his favor. With the substitution of the issues, therefore, the defenses that the judgment was never duly docketed and that leave of court to the action had not been had, available under section 1913 of the Code of Civil Procedure had the action proceeded as commenced, necessarily became immaterial and irrelevant.

The identity of the names of the defendant in this action and of Collins' copartner was prima facie evidence of the identity of the persons; but, aside from that, it appears from the record of this appeal that the defendant's membership of the firm of Collins & Nash, the plaintiff's debtors for merchandise sold and delivered to them, was not only undisputed upon the trial, but that the defendant's attitude was consistent only with an admission of the fact. The trial court's attention was not directed to any question of that kind, and the action was tried by counsel for both parties, and disposed of by the court, upon the theory of such assumed or admitted identity. For the purposes of this appeal, therefore, the defendant will not be permitted to shift his position. Campbell v. Birch, 60 N. Y. 214; Wilson v. Rocke, 58 N. Y. 642. See, also, cases collated in Baylies on New Trials and Appeals (2d Ed.) p. 332, and in note on "Questions Raised in the First Instance on Appeal," 5 Silvernail, 142.

The former judgment was evidence of the extent of the plaintiff's demand (Code Civ. Proc. § 1933; Vereinigte Pinsel-Fabriken v. Rogers, 52 App. Div. 529, 65 N. Y. Supp. 478); the defendant's liability appearing from his admitted membership of the firm of Collins & Nash and the uncontroverted testimony of Charles F. Hofferberth, the plaintiff's son, to the fact of the sale to the firm of the merchandise for which the former recovery was had.

The defense that this action was not brought within six years after the original cause of action had accrued was not available to the defendant, since it did not exist when the former action was brought (Kramer v. Schatzkin, 27 Misc. Rep. 206, 57 N. Y. Supp. 803), and the contention that the plaintiff's recovery was unauthorized because this action was not commenced within 10 years (Code Civ. Proc. § 388) after the recovery of the former judgment proceeds upon counsel's erroneous assumption that the action was one upon that judgment. This action proceeded upon the defendant's original liability as a member of Collins & Nash. Morey v. Tracey, 92 N. Y. 581.

The provision of the Code of Civil Procedure, § 1936, requiring the clerk of the court or county with whom the judgment roll is filed or docketed to "write upon the docket, opposite or under the name of each defendant, upon whom the summons was not served, the words 'not summoned,'" prescribes the duties of that official; but his omission or neglect in that respect does not have the effect of impairing the judgment creditor's right to proceed against a defendant not formerly summoned. Section 1937 authorizes the latter action immediately after the recovery of a judgment against one or more of a number of joint debtors, and the recovery takes effect when the judgment is regularly entered. Whitney v. Townsend, 67 N. Y. 40. Obviously, therefore, the entry upon the docket prescribed by section 1936 is not a condition precedent to the action authorized by section 1937.

The judgment and order appealed from should be affirmed, with costs to the respondent. All concur.