CHARLES HOFFERBERTH, Appellant, *v.* GEORGE NASH, Respondent.

1. DEBTOR AND CREDITOR — JUDGMENT — ACTION ON JUDGMENT TO CHARGE JOINT DEBTOR NOT SERVED WITH PROCESS. In order to charge the individual property of one joint debtor with a claim for which a judgment had been obtained upon service of process on the other joint debtor, but without such service upon him, the remedy afforded to the creditor is no longer a special proceeding at the foot of the judgment in the original action, as formerly provided by the Code of Procedure and amendments thereto, but is now a new action, under section 1937 of the

Code of Civil Procedure, in which the Statute of Limitations may be pleaded as a defense.

2. Same — Nature and Purpose of Action — When Statute of Limitations Begins to Run against Such Action. The object of such an action is not to enforce the plaintiff's rights under the original judgment, but solely to establish the defendant's liability on the original joint obligation. The action rests upon a double basis: (1) The existence of the claim sought to be enforced in the first action; and (2) the recovery of a judgment thereon. Both of these elements are essential to the maintenance of this statutory action, and, therefore, the plaintiff's cause of action does not accrue until the recovery of the original judgment. It does then accrue, however, *eo instanti*, and from that moment it is within the plaintiff's power to institute a suit to charge the property of the unserved joint debtor, so that the Statute of Limitations begins to run against the plaintiff from the date of the original judgment.

3. Same — Statute of Limitations — When Plea of Ten Years' Statute Fatal to Action. Where such an action was commenced eighteen years after the original judgment was obtained, the only provision of the Statute of Limitations (Code Civ. Pro. ch. 4, tit. 1, 2 and 3, §§ 362 to 415, inclusive) which can apply thereto is that of section 388 which provides that an action, the limitation of which is not specially prescribed, must be commenced within ten years after the cause of action accrues. As the action was commenced within twenty years after the original judgment was obtained the twenty years' limitation prescribed by section 376 cannot apply, and as the action is not based solely upon the joint liability sought to be enforced in the suit in which the original judgment was obtained, but upon that liability and the recovery of the judgment thereon, the six years' limitation of section 382 is not available. There is no other specially prescribed limitation in either of the titles which can possibly apply, so that the ten years' statute (§ 388) must apply, and where the defendant pleads such statute it is fatal to the plaintiff's right to recover.

*Hofferberth* v. *Nash,* 117 App. Div. 284, affirmed.

(Argued March 12, 1908; decided March 31, 1908.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered February 4, 1907, upon an order reversing a judgment of the Appellate Term which affirmed a judgment of the City Court of the city of New York entered upon a verdict in favor of the plaintiff directed by the court and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*James A. Allen* for appellant. This action was not barred either by the six years Statute of Limitations or by the ten years Statute of Limitations. (*Maples* v. *Mackey*, 89 N. Y. 146; *Long* v. *Stafford*, 103 N. Y. 274.)

*Elias B. Goodman* and *H. C. S. Stimpson* for respondent. Section 388 of the Code of Civil Procedure, which is the ten years Statute of Limitations, applies to actions commenced under section 1937 of the Code of Civil Procedure. (*Kernochan* v. *Bland*, 59 How. Pr. 97; *Power Pub. Co.* v. *Hall*, 69 N. Y. Supp. 533; Code Civ. Pro. § 1937; *Lane* v. *Salter*, 51 N. Y. 1; *Morey* v. *Tracey*, 92 N. Y. 582; *Oakley* v. *Aspinwall*, 4 N. Y. 514; *Dean* v. *Eldridge*, 29 How. Pr. 218; *Bruen* v. *Bokee*, 4 Den. 56; *Masters* v. *Blackwell*, 8 Hun, 313.)

Willard Bartlett, J. This is an action under section 1937 of the Code of Civil Procedure to charge the property of the defendant with the sum remaining unpaid upon a judgment rendered against him and his joint debtor in a suit in which only the other joint debtor was served with the summons, no service having been made upon this defendant. The judgment in that suit was obtained on March 4th, 1884. The present action was commenced more than eighteen years later, namely, on June 26th, 1902. The defendant pleaded the six years' and the ten years' Statute of Limitations. Both the City Court and the Appellate Term of the Supreme Court have held that neither plea was available to him; but a contrary view has been entertained by the Appellate Division, in which four judges were of the opinion that the ten years' Statute of Limitations was a bar, while one of them thought that the action was barred by the six years' statute.

In order to charge the individual property of one joint debtor with a claim for which a judgment had been obtained upon service of process on the other joint debtor, but without such service upon him, the remedy afforded to the creditor by the old Code of Procedure was not a new action, but a

proceeding at the foot of the judgment in the original action in which both joint debtors had been named as defendants, but only one of them had been served. (See Code of Procedure, sections 373 to 381.) The joint debtor not served was summoned to show cause why he should not be bound by the judgment. With the summons to show cause was served an affidavit to the effect that the judgment had not been satisfied, and specifying the amount due thereon; and the party summoned was allowed to answer, denying the judgment or setting up any defense thereto which might have arisen subsequently to the recovery thereof; and in addition thereto he could " make any defense which he might have made to the action if the summons had been served on him at the time when the same was originally commenced and such defense had been then interposed to such action." (Code Proc. § 379.)

Under the Code of Procedure as originally enacted, the Statute of Limitations was excepted from the defenses available to the unserved joint debtor thus summoned to show cause why he should not be bound by the original judgment; but that exception was removed in 1866. (Laws of 1866, chap. 824, sec. 15; *Lane* v. *Salter*, 51 N. Y. 1.) The permission thus afforded to plead the Statute of Limitations availed nothing to the defendant, however, unless the defense existed at the time of the commencement of the action in which the original judgment was obtained, or unless twenty years had elapsed since the rendition of that judgment, when there would arise a presumption that it had been paid. (*Maples* v. *Mackey*, 89 N. Y. 145.) The remedy was not an action, but a special proceeding; and there was then no Statute of Limitations which prescribed the time within which such a proceeding must be commenced.

The character of the remedy, however, was altered by the enactment of the Code of Civil Procedure and thereafter it became a new action instead of a proceeding at the foot of the judgment in the original action. As was pointed out by ANDREWS, J., in *Morey* v. *Tracey* (92 N. Y. 581) the action

29

under section 1937 of the Code of Civil Procedure is not brought to enforce the original judgment. " The original judgment bound the defendant served and authorized execution to go against his separate property or the joint personal property of both defendants." The object of the action is not to enforce the plaintiff's rights under the original judgment but solely to establish the defendant's liability on the original joint obligation " which was not determined by the original judgment and of which it was no evidence." Since, therefore, under the existing provisions of law the proceeding has become an action, we have to inquire whether the fact that eighteen years have elapsed since the recovery of the judgment in the original suit enables this defendant to invoke the operation of any one of the statutory limitations applicable to actions.

The limits of time within which a civil remedy must be enforced are prescribed in chapter IV of the Code of Civil Procedure (sections 362 to 415 inclusive). Section 376 provides that a final judgment for a sum of money is presumed to be paid and satisfied after the expiration of twenty years from the time when the party recovering it was entitled to a mandate to enforce it. There can be no presumption here that the original judgment was paid, inasmuch as only eighteen years elapsed between its rendition and the commencement of the present action. Section 382 requires an action upon a contract obligation or liability, express or implied (except a judgment or sealed instrument), to be commenced within six years after the cause of action has accrued. That limitation is not available to the defendant here because his cause of action is not based solely upon the copartnership liability sought to be enforced in the suit in which the original judgment was recovered. Section 388 provides that an action, the limitation of which is not specially prescribed under the title which contains that section or in the preceding title, must be commenced within ten years after the cause of action accrues. There is no other specially prescribed limitation, in either of the titles, which can possibly apply to the

case at bar; so that the question really narrows itself down to the inquiry whether the defendant's plea of this ten years' limitation is fatal to the plaintiff's right to recover.

I think it is and for the following reasons: The action which the Code of Civil Procedure (section 1937) has substituted for the special proceeding at the foot of the original judgment under the Code of Procedure (section 375) rests upon a double basis: (1) The existence of the claim sought to be enforced in the first action; and (2) the recovery of a judgment thereon. Both of these elements are essential to the maintenance of this statutory action and, therefore, the plaintiff's cause of action does not accrue until the recovery of the original judgment. It does then accrue, however, *eo instanti* and from that moment it is within the plaintiff's power to institute a suit under section 1937 to charge the property of the unserved joint debtor. I can see no escape from the conclusion that the ten years' Statute of Limitations then begins to run against him, and if he allows that period to pass without commencing suit his right to sue is gone.

We have been referred to only one case in this court which contains any intimation at variance with this view. In *Long* v. *Stafford* (103 N. Y. 274) the action was brought under section 1937 of the Code of Civil Procedure, to charge the property of the defendant with a judgment against himself and another person sued as joint debtors but without service upon him. The original action was brought to recover rent and it was objected that the plaintiff's demand for rent was at the time of the commencement of the second action barred by the Statute of Limitations. As to this objection, Judge EARL declared that inasmuch as the case before the court was a proceeding to charge the defendant with the original judgment, the cause of action was not barred unless the judgment was barred; and upon that point he cited *Maples* v. *Mackey* (*supra*). He furthermore expressed the opinion that the Statute of Limitations was unavailable because the defendant's original liability for rent arose upon a lease under seal. It is quite evident from the reference to the *Maples* case,

which was a special proceeding under the old Code of Procedure and not a new action under the Code of Civil Procedure, that the distinction arising out of this alteration in the character of the remedy was overlooked and that the attention of the court was not called to the fact that the change had brought the remedy within the scope and operation of the general provisions of the Statute of Limitations applicable to *actions.* I do not think that this single judicial utterance, taking into consideration the circumstances under which it was made, should preclude us from adopting the otherwise plain construction under which the ten years' limitation is a bar to the maintenance of the present action.

The order should be affirmed and judgment absolute ordered against the appellant on the stipulation, with costs in all courts.

Cullen, Ch. J., Haight, Vann, Werner, Hiscock and Chase, JJ., concur.

Ordered accordingly.