■ A. PHILLIP GOLDSMITH, Respondent-Appellant, v MONROE SILVER, Defendant, and JOSEPH POPOLOW, Appellant-Respondent.—Order, Supreme Court, New York County, entered September 7, 1978, denying plaintiff's motion for summary judgment in lieu of a complaint but striking the defenses, except as to the issue of damages, and directing a trial on that issue, is unanimously affirmed, without costs. Defendants Silver and Popolow being united in interest, the service of the summons on defendant Silver within the period of the Statute of Limitations tolled the statute as against defendant Popolow. (CPLR 203, subd [b].) The severance of the action as against defendant Popolow at the time that the judgment was obtained against defendant Silver was not a dismissal of the action as against Popolow but rather a provision for continuing it as against him. Furthermore, the action against Popolow is not time barred, being saved from that by CPLR 1502. (Hofferberth v Nash, 191 NY 446.) The earlier judgment rendered against defendant Silver did not purport to be taken against both defendants. In that respect, the judgment was not a compliance with CPLR 1501; but we think that this is at most an irregularity. As plaintiff apparently claims to be entitled to keep the collateral for the indebtedness, defendant is entitled to credit for the value of that collateral. The determination as between plaintiff and defendant Silver that the collateral was worthless does not bind defendant Popolow. (Cf. CPLR 1502.) Accordingly, Special Term properly directed a hearing as to the value of the collateral. Any judgment that may ultimately be entered in this action will of course provide that any payments made either on the judgment against defendant Silver or against defendant Popolow shall be credited against both judgments. Concur—Fein, J. P., Sullivan, Lupiano, Silverman and Bloom, JJ.

■ In the Matter of SAMUEL LEMKIN, an Attorney.—Motion for reinstatement granted only to the extent of referring the matter to the Committee on Character and Fitness for the First Judicial Department for a report as to whether respondent possesses the character and general fitness to practice law as an attorney and counselor at law in the State of New York and holding determination of the motion in abeyance pending receipt of the aforesaid report. Concur—Murphy, P. J., Kupferman, Sandler, Markewich and Lupiano, JJ.