■ Cecil Rhodes, Respondent, v Merrill Lynch, Pierce, Fenner & Smith Incorporated, Appellant.—Order, Supreme Court, New York County, entered December 24, 1979, denying defendant's motion to dismiss the action as time barred under the parties' arbitration agreement, or in the alternative, to stay the action pending arbitration and to appoint an arbitrator, is unanimously affirmed, with costs. Plaintiff was a customer of defendant stock brokerage firm. The printed form customer's agreement, presumably furnished by defendant, required the submission of all controversies between them "to arbitration conducted under the provisions of the Constitution and Rules of the Board of Governors of the New York Stock Exchange". Pursuant to that agreement, the parties entered into a submission of controversy to arbitrators, the arbitration to be conducted in accordance with quoted provisions of the constitution and by-laws of the New York Stock Exchange. That submission contains the following quotation from section 7 of article 8 of the constitution: "The Arbitrators in any case may at any time during the proceedings, and shall upon the joint request of the parties thereto, dismiss the proceedings and refer the parties to their remedies at law." On September 20, 1978, after two sets of hearings, the arbitrators decided to "dismiss the proceedings and refer the parties to their remedies at law." That decision was confirmed by a letter from the Assistant Arbitration Director dated October 11, 1978. On September 7, 1979, plaintiff began this plenary action. Defendant contended that the action was time barred under the provision of the arbitration agreement that arbitration must be commenced within one year after the cause of action accrued; that, in any event, arbitration is the sole remedy of the parties; and that, if necessary, the court should appoint arbitrators under CPLR 7504. We do not agree with defendant's contentions. To begin with, we do not think that this is a case where arbitrators failed to act, in which case the court would be authorized to appoint arbitrators under CPLR 7504. Here the arbitrators did act, exercising their power under the procedures specifically referred to in the arbitration agreement, a power explicitly quoted in the submission to arbitration. The rules of the stock exchange—which by the agreement of the parties, an agreement obviously furnished by the defendant, governs these arbitration proceedings—expressly permits the arbitrators to dismiss the arbitration proceeding and "refer the parties to their remedies at law," and that is what the arbitrators have done. We cannot accept the suggestion that the phrase "refer the parties to their remedies at law" merely means to permit the parties to make any lawful application or to pursue any lawful remedies, including a request to the court to appoint new arbitrators. The

natural meaning of the provision authorizing the arbitrators to dismiss the proceedings and "refer the parties to their remedies at law" is that the arbitrators may terminate the arbitration and leave the parties to their remedies by conventional lawsuit. As to the timeliness of the lawsuit, it is true that when arbitration is the exclusive remedy, and the arbitration agreement contains a provision limiting the time when the arbitration may be commenced, a party who permits that time to elapse without commencing an arbitration proceeding cannot avoid that limitation by bringing an action at law. (Matter of River Brand Rice Mills v Latrobe Brewing Co., 305 NY 36.) But that is not this case. The original arbitration proceeding was commenced well within the one-year period. Defendant points out that if we add the period (a) between the accrual of the cause of action and the commencement of the arbitration proceeding and (b) between the termination of the arbitration proceeding and the commencement of the present action, we get a period of more than one year. But we do not think the provision requiring arbitration to be commenced within one year of the accrual of the cause of action bars the present action in the courts. Without attempting now to fix the period within which the action would have to commence, we are clear that this action, commenced 18 months after the accrual of the cause of action and less than one year after the termination of the arbitration proceeding, is not barred by limitation of time (cf. Hofferberth v Nash, 191 NY 446). Finally, defendant urges that the present action adds claims not covered by the original submission to arbitration, and that therefore the additional claims at least are barred. Those additional claims are for emotional distress, etc., caused by the alleged original wrongs and for punitive damages arising therefrom. In our view, such additional claims are no more barred by limitation of time than the original claims, on an analogy to CPLR 203 (subd [e]) which provides: "A claim asserted in an amended pleading is deemed to have been interposed at the time the claims in the original pleading were interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading." Concur—Birns, J. P., Sandler, Sullivan, Ross and Silverman, JJ.